UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK PINDER,<br><br>          Plaintiff,<br><br>     v.<br><br>EMPLOYMENT DEVELOPMENT<br>DEPARTMENT; RICHARD ROGERS;<br>DAVID DERKS and DOES 1-50,<br>inclusive,<br><br>          Defendants. | No. CIV. S-13-817 LKK/AC<br><br><br>**ORDER** |

   Lawrance A. Bohm and Erik M. Roper, together with their law firms, the Bohm Law Group and Law Office of Erik M. Roper, move to withdraw as counsel for plaintiff.  Counsel represent in a signed declaration that "[a]fter recent efforts to settle this matter were proven unsuccessful, Plaintiff has decided to continue pursuit of his case."  Declaration of Erik M. Roper, Esq. (ECF No. 22) at 3.  Counsel represent that plaintiff "agrees to the withdrawal of counsel" as requested in the motion, and that counsel "have agreed to waive recovery of all litigation expenses and any recovery of attorney fees."  Id. at 4, 5.

1

1   Counsel also represent that, if required, they will file
2   additional affidavits under seal in order to avoid breach of
3   client confidentiality.  Motion to Withdraw (ECF No. 22) at 2.
4   No affidavit from plaintiff has been filed, nor does counsel's
5   affidavit include plaintiff's current or last known address or
6   addresses, as required by E.D. Cal. R. 182(d).

7       The California Rules of Professional Conduct, made
8   applicable to this motion by E.D. Cal. R. 182(d), require counsel
9   to make a showing that mandatory or permissive withdrawal
10  applies.  See Cal. Prof. Conduct Rule 3-700(B) & (C).  Counsel's
11  affidavit suggests that Rule 3-700(C)(5), which permits
12  withdrawal when "[t]he client knowingly and freely asserts to
13  termination of the employment" may govern resolution of the
14  motion.

15      California rules also preclude a lawyer from "burden[ing]
16  the client's ability to make settlement decisions by structuring
17  the representation agreement so as to allow the lawyer to
18  withdraw, or to ratchet up the cost of representation, if the
19  client refuses an officer of settlement."  Nehad v. Mukasey, 535
20  F.3d 962, 971 (9th Cir. 2008).  The record suggests that
21  plaintiff's decision to pursue this action after unsuccessful
22  efforts at settlement is intertwined with the current motion.  In
23  order to ensure that the proposed withdrawal comports with all
24  applicable rules, counsel will be required to file either an
25  affidavit from plaintiff that includes his current address and
26  demonstrates compliance with Rule 3-700(C)(5) or a declaration
27  under seal that makes a showing sufficient to satisfy the
28  requirements of Rule 3-700.

In accordance with the above, IT IS HEREBY ORDERED that counsel shall file the affidavit or declaration required by this order no later than July 30, 2014 at 4:30 p.m. Counsel shall also file a declaration in the public record establishing compliance with Cal. Prof. Conduct Rule 3-700(D) (regarding client files and retainer agreement funds) and the representations in counsel's affidavit concerning waiver of expenses and recovery of attorney fees, or what steps they have taken to comply.[1]

DATED: July 21, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] If counsel believes that this information would violate the client's confidences, it too, may be submitted under seal.

3